

June 25, 2025

**VIA ECF**

Honorable Carol Bagley Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York. 11201

    Re:    United States v Alain Bibliowicz, 25-cr-00039 (CBA)
              Request to Modify Bail Conditions

Dear Judge Amon:

    We write to request two modifications to Mr. Bibliowicz's bail conditions.

1. **Travel to Connecticut on or about June 29, 2025.**  That on or about June 29, Mr. Bibliowicz be permitted to escort his high school-aged daughter to a summer college program in Connecticut.  Mr. Bibliowicz will be in New York City due to his Court appearance this week and this travel request covers his travel from New York City to Connecticut and back to New York City before he flies back to Florida.

   The government consents to this request and Pretrial Services has no objection.

2. **Shift from Home Confinement to Curfew.**  That Mr. Bibliowicz be confined under a daily curfew that would require him to be at home from 10 p.m. to 7 a.m. every day and continue to be monitored by GPS tracking.

   The government opposes this request and Pretrial Services has no objection.

       Addressing the shift from home confinement to a curfew, we originally proposed to Pretrial Services a curfew for three days a week, but Mr. Bibliowicz' pretrial officer stated that a partial-week curfew would be impractical to put into place.  His pretrial officer, however, had no objection to the proposed every-day curfew.

       To date, Mr. Bibliowicz has been in full compliance with all of his bail conditions and has been in constant communication with his Pretrial Services officer.



Hon. C.B. Amon
June 25, 2025
Page 2

We note that the government originally opposed any release for Mr. Bibliowicz and expressed the belief that only pretrial detention could ensure his presence in court. But since his release from custody many months ago, he has appeared at all scheduled court appearances and otherwise complied with all conditions of his release.

Furthermore, as the Court is aware from the parties' discussions regarding the discovery materials that have been produced to date, it is clear that this is a very triable case. It is certainly not the sort of overwhelming case where the government can plausibly argue that a defendant would be enticed to flee the jurisdiction. We have reviewed much of the evidence produced, and have found nothing that inculpates Mr. Bibliowicz. Indeed, as the government conceded in our first appearance, there is no "smoking gun" evidence in this very complex money laundering case, suggesting that the best evidence is likely to be found solely in the testimony of cooperating witnesses. In other words, despite the initial descriptions of this case and the attempt to link Mr. Bibliowicz to narcotics cartel activities, no such connection appears to exist other than what certain cooperators may allege. Of course, to obtain a conviction, the government will have to do far more than simply prove participation in a suspect financial transaction; they will need to prove that Mr. Bibliowicz intended to participate in such transactions with knowledge that the funds transacted were proceeds of criminal activity. Based on the evidence reviewed thus far, this will be a difficult task.

Notably, of all the gigabytes of evidence produced to date, there is not one conversation, document, recording or photograph linking Mr. Bibliowicz to any cartel-linked individuals, and there are no conversations or text communications in which Mr. Bibliowicz engages in any discussion suggesting he had knowledge that any funds transacted by the company were tainted. Indeed, it appears that the government's own cooperators are the ones with the connection to the cartel, if any. We respectfully submit this constitutes a substantial factor that undermines many of the concerns the government expressed at the time of the initial bail hearing and appeal, which took place before the defense had any opportunity to review the evidence.

We are making this request so that Mr. Bibliowicz may attend—in addition to his current permitted activities—unscheduled religious activities, volunteer charitable activities, exercise and meals outside of the home (activities that are generally difficult to schedule in advance and some of which are not permitted under his current bail conditions).



Hon. C.B. Amon
June 25, 2025
Page 3

      This bail modification request does <u>not</u> seek to remove his GPS tracking device, which of course is the best mechanism to ensure he does not flee. Given the factors set forth above, particularly the concurrence of Pretrial Services, we respectfully request modification of bail conditions to a curfew requiring him to be home from 10 p.m. to 7 a.m. daily.

      Respectfully Submitted,

      /s/

      Anthony M. Capozzolo
      Counsel for Defendant

cc:    Philip Pilmar, Esq. (via ECF)
       Adam Amir, Esq. (via ECF)