RMP:PP/AA
F. #2023R00676/OCDETF# NY-NYE-0952

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
E.D.N.Y.
*AUGUST 7, 2025*
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ALAIN TZVI BIBLIOWICZ MITRANI,
also known as "Alain Bibliowicz,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G I N D I C T M E N T

Cr. No. 25-39 (S-1) (CBA)
(T. 18, U.S.C., §§ 371, 982(a)(1), 982(b)(1), 1349, 1956(h), 1960 and 3551 et seq.; T. 21, U.S.C., § 853(p))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

### I. The Defendant

1. The defendant ALAIN TZVI BIBLIOWICZ MITRANI, also known as "Alain Bibliowicz," was a citizen of France and Colombia and a resident of Miami, Florida.

### II. The Money Laundering, Unlicensed Money Transmitting, and Bank Fraud Scheme

2. From approximately 2020 to 2024, the defendant ALAIN TZVI BIBLIOWICZ MITRANI was a co-owner and leader of Company-1, the identity of which is known to the Grand Jury. Company-1's purported purpose was the creation of digital tools that allowed for the international transfer of money. In fact, Company-1's primary purpose was the laundering of the proceeds of illegal activity, including narcotics trafficking, through the United States, Colombia and other countries.

3. As part of the scheme, the defendant ALAIN TZVI BIBLIOWICZ MITRANI, together with others, laundered more than $300 million dollars through Company-1 and a complex network of affiliates by means of rapid wire transfers, cryptocurrency exchanges and shell companies. BIBLIOWICZ MITRANI laundered these funds despite knowing that they represented the proceeds of criminal activity including narcotics trafficking.

4. The Bank Secrecy Act, as amended and codified at Title 31, United States Code, Sections 5313 through 5326, was a set of laws and regulations enacted by Congress to address an increase in criminal money laundering through financial institutions. Title 31, United States Code, Section 5330(a), and the regulations promulgated under it, required individuals who owned or controlled a money transmitting business to register with the U.S. government. To obscure the source of the proceeds and protect the scheme, Company-1, BIBLIOWICZ MITRANI and others failed to register as money transmitters.

5. The defendant ALAIN TZVI BIBLIOWICZ MITRANI, together with others, opened, used and maintained accounts in the names of Company-1 and shell companies (the "Company Accounts") at several financial institutions, including three banks headquartered in New York, New York ("Financial Institution-1," "Financial Institution-2" and "Financial Institution-3," respectively), and a cryptocurrency exchange headquartered in San Francisco, California ("Financial Institution-4") (collectively, the "Financial Institutions"), the identities of which are known to the Grand Jury.

6. When opening and using the Company Accounts, the defendant ALAIN TZVI BIBLIOWICZ MITRANI, together with others, made materially false and misleading representations to the Financial Institutions, including falsely representing the nature of the businesses for which the Company Accounts were opened and used and the rationales behind

certain transactions. To further the scheme, the defendant, together with others, falsely stated that the business for which a Company Account was opened at Financial Institution-1 was engaged in "consulting in real estate property management to clients in the USA"; falsely described the businesses for which Company Accounts were opened at Financial Institution-2 without mentioning that they were involved in cryptocurrency arbitrage or conversion; falsely stated that the business for which a Company Account was opened at Financial Institution-3 was engaged in "Business Consulting Financial Services"; and falsely stated that the business for which a Company Account was opened at Financial Institution-4 was engaged in "Real Estate, Management" and trading its own "business funds." In truth, the Company Accounts were used for Company-1's and its predecessors' and affiliates' unlicensed money transmitting and money laundering business, which moved money and converted cryptocurrency belonging to third parties into fiat money for a fee.

COUNT ONE
(Money Laundering Conspiracy)

7. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

8. In or about and between July 2020 and May 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ALAIN TZVI BIBLIOWICZ MITRANI, also known as "Alain Bibliowicz," together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, including deposits, transfers and withdrawals of funds and monetary instruments, which in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 959, knowing that the property involved in the financial transactions

represented the proceeds of some form of unlawful activity, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

COUNT TWO
(Money Laundering Conspiracy)

9. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

10. In or about and between July 2020 and May 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ALAIN TZVI BIBLIOWICZ MITRANI, also known as "Alain Bibliowicz," together with others, did knowingly and intentionally conspire to engage in one or more financial transactions, to wit: deposits, withdrawals and transfers of funds and monetary instruments, in and affecting interstate and foreign commerce, by, through and to one or more financial institutions, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: (a) narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 959, and (b) bank fraud, in violation of Title 18, United States Code, Section 1344, contrary to Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

COUNT THREE
(Conspiracy to Operate an Unlicensed Money Transmitting Business)

11. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

12. In or about and between July 2020 and May 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ALAIN TZVI BIBLIOWICZ MITRANI, also known as "Alain Bibliowicz," together with others, did knowingly and willfully conspire to conduct, control, manage, supervise, direct and own all or part of an unlicensed money transmitting business which affected interstate and foreign commerce, to wit: Company-1 and its predecessors and affiliates, which (a) operated without an appropriate money transmitting license in the State of Florida, where such operation is punishable as a felony under Florida law; (b) failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330 and the regulations prescribed thereunder; and (c) involved the transportation and transmission of funds known to the defendant to have been derived from a criminal offense and intended to be used to promote and support unlawful activity, contrary to Title 18, United States Code, Section 1960.

13. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant ALAIN TZVI BIBLIOWICZ MITRANI, also known as "Alain Bibliowicz," did commit and cause the commission of, among others, the following:

OVERT ACTS

(a) On or about December 9, 2021, BIBLIOWICZ MITRANI, together with others, established Shell Company-A, the identity of which is known to the Grand Jury, as a Florida limited liability corporation.

(b) On or about January 15, 2021, BIBLIOWICZ MITRANI, together with others, established Shell Company-B, the identity of which is known to the Grand Jury, as a Florida limited liability corporation.

(c) On or about November 15, 2022, BIBLIOWICZ MITRANI caused the transfer of $235,000 from a bank account in the name of Shell Company-B, to another bank account he controlled.

(d) On or about May 12, 2023, BIBLIOWICZ MITRANI opened a Company Account at Financial Institution-1.

(e) On or about November 4, 2023, BIBLIOWICZ MITRANI sent a message via an encrypted application to co-conspirators, individuals whose identities are known to the Grand Jury.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNT FOUR
(Conspiracy to Commit Bank Fraud)

14. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

15. In or about and between March 2019 and May 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ALAIN TZVI BIBLIOWICZ MITRANI, also known as "Alain Bibliowicz," together with others, did knowingly and intentionally conspire to execute a scheme and artifice to defraud Financial Institution-1, Financial Institution-2 and Financial Institution-3, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain money, funds, credits and other property owned by and under the custody and control of said financial institutions, by means of one or more materially false and fraudulent pretenses, representations and promises, to wit: misrepresentations about (a) the nature and location of Company-1 and its predecessors and affiliates, (b) the business for which the Company Accounts were opened, (c) the rationales

behind certain transactions and (d) the sources of funds and proceeds, contrary to Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

COUNT FIVE
(Operation of an Unlicensed Money Transmitting Business)

16. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

17. In or about and between July 2020 and May 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ALAIN TZVI BIBLIOWICZ MITRANI, also known as "Alain Bibliowicz," together with others, did knowingly and intentionally conduct, control, manage, supervise, direct and own all or part of an unlicensed money transmitting business which affected interstate and foreign commerce, to wit: Company-1 and predecessors and affiliates, which (a) operated without an appropriate money transmitting license in the State of Florida, where such operation is punishable as a felony under Florida law; and (b) failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330 and the regulations prescribed thereunder.

(Title 18, United States Code, Sections 1960, 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE, TWO, THREE AND FIVE

18. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One, Two, Three and Five, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which

requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property, including, but not limited to:

(a) the real property and premises located at 18850 NE 22nd Ave, Miami, Florida 33180, together with its appurtenances, improvements, fixtures, easements, furnishings and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto; and

(b) approximately eleven thousand one hundred and thirty dollars of United States currency ($11,130) seized by law enforcement on or about February 20, 2025, from the defendant and defendant's residence in Miami, Florida, and all proceeds traceable thereto.

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT FOUR

20. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2)(A), which requires any person convicted of such offense, to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, including, but not limited to:

(a) the real property and premises located at 18850 NE 22nd Ave, Miami, Florida 33180, together with its appurtenances, improvements, fixtures, easements, furnishings and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto; and

(b) approximately eleven thousand one hundred and thirty dollars of United States currency ($11,130) seized by law enforcement on or about February 20, 2025, from the defendant and defendant's residence in Miami, Florida, and all proceeds traceable thereto.

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(A) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

/s/
FOREPERSON

By Carolyn Pokorny, Assistant U.S. Attorney
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK